IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BERTILLION STEPHENS**                                                                     **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:24-cv-00222-HTW-LGI**

**ARROW DISPOSAL SERVICES, INC., ET AL.**                      **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff's Motion to Compel [69] and accompanying Memorandum in Support [70]. Defendant Jerry G. Morgan filed a Response in Opposition [71], and Plaintiff filed a Rebuttal [73]. The undersigned, having considered the submissions, the record and relevant law, finds that Plaintiff's Motion to Compel [69] is DENIED, as discussed below.

**ANALYSIS**

**I.**   **Relevant Factual and Procedural History**

Plaintiff filed the instant lawsuit because of injuries he sustained on March 4, 2024, when the Arrow Disposal Services, Inc. garbage truck Defendant Morgan was driving collided with Plaintiff's vehicle. Plaintiff filed this motion seeking an order compelling Defendant Morgan to execute a medical authorization permitting the release of his medical records and providing a list of his medical providers. Defendant Morgan contends that the records sought are protected by medical privilege. Plaintiff asserts Defendant Morgan has waived the privilege by raising the issue of his medical condition at the time of the wreck.

**II.**   **Standard**

This Court has broad discretion over discovery disputes concerning the scope of discovery. *See Hernandez v. Causey*, 2020 WL 5412486, at *3 (S.D. Miss. Sept. 9, 2020) (quoting *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009) ([i]t is well established that the scope of

discovery is within the sound discretion of the trial court.")); See also *Saucier v. Lakeview Corp.*, 2014 WL 12906612, at *1 (S.D. Miss. Dec. 30, 2014) ("[a] district court has "broad discretion" to control the procedure for obtaining discoverable material.").

In reviewing a motion to compel, courts must consider that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 U.S. Dist. LEXIS 30985, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016). Indeed, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1)). "Finding a just and appropriate balance in the discovery process" is thus one of the Court's key responsibilities. *Willis*, 2016 U.S. Dist. LEXIS 30985, 2016 WL 918038, at *2. Rule 26(b)(1) provides that information is within the scope of discovery if it is not privileged, is relevant, and proportional to the needs of the case:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Meanwhile, Rule 26(c) empowers the Court to control the procedure for obtaining discoverable information. *Saucier*, 2014 WL 12906612, at *1. Finally, Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

disclose, answer, or respond" and it authorizes the Court to issue an order compelling the production of such information. Fed. R. Civ. P. 37(a)(4).

### III.     Motion to Compel

**Plaintiff's request**: Plaintiff moves this Court to compel production of Defendant Morgan's medical history and the corresponding medical providers. Doc. [70] at 8. Plaintiff submits that Defendant Morgan's medical history is relevant and discoverable because Defendants have raised the loss of consciousness affirmative defense, which puts Defendant Morgan's medical history at issue. Thus, Plaintiff argues, Defendant Morgan has waived his medical privilege and must produce a list of his medical providers and his complete medical history prior to the accident at issue.

**Defendant's response**: In response, Defendant Morgan argues that his medical privilege has not been waived, because he has not raised an affirmative defense that puts his medical history at issue and also because only Morgan himself can waive the privilege. Rather, Defendant Morgan asserts that he has only raised an "Act of God" defense, which does not implicate his medical history. Defendant Morgan argues that another defendant's defense or the testimony of a person gathered through deposition cannot waive his own privilege. Finally, Defendant Morgan contends that the release of his post-accident medical records and his FMCSA medical examination records should be sufficient to provide Plaintiff with the information he seeks.

**Plaintiff's rebuttal**: Plaintiff contends that the already produced post-accident medical records for Defendant Morgan are insufficient for Plaintiff to test the loss of consciousness defense, because to do so would require access to the defendant's medical history prior to the accident. Plaintiff argues that the FMCSA medical examination records are also insufficient because they only include diagnoses and do not offer a complete medical record. Finally, Plaintiff

3

reiterates that Defendant Morgan has waived his medical privilege because he has raised an Act of God/loss of consciousness defense.

**Court's Ruling on Motion to Compel**: Defendants removed this lawsuit to federal court on the basis of diversity jurisdiction. Rule 501 of the Federal Rules of Evidence asserts that state law determines the applicability of a privilege when state law supplies the rule of the decision in civil diversity actions. Fed. R. Evid. 501; *Doherty v. Shelter Mut. Ins. Co.*, No. 2:19-CV-1-KS-MTP, 2020 WL 1867992, at *1 (S.D. Miss. Apr. 14, 2020). Thus, Mississippi law is determinative over the applicability of medical privilege in this action. Rule 503 of the Mississippi Rules of Evidence provides that "a party's medical privilege is waived to the extent he puts his medical condition at issue." *Powell v. McLain*, 105 So.3d 308, 315 (Miss. 2012).

Here, Plaintiff correctly asserts that when a defendant raises a loss of consciousness affirmative defense, he puts his medical condition at issue and thus waives his medical privilege. In order to prove a loss of consciousness affirmative defense, a defendant must show that there was a "sudden and unforeseeable loss of consciousness." *Warren v. Pinnix*, 241 So.2d 662, 663 (Miss. 1970). To prove that the loss of consciousness was unforeseeable, a defendant must show that he did not fail to heed a warning that a reasonable person would recognize. *Id*. Therefore, if the defendant's medical history would give him notice of the possibility of losing consciousness, he cannot succeed on a loss of consciousness affirmative defense. *See Murphy v. Paxton*, 186 So.2d 244, 246 (Miss. 1966) (finding that the defendant's and her physician's statements regarding the defendant's consultation with a doctor three days prior to the accident were sufficient to show that the defendant was forewarned of a possibility for loss of consciousness due to the nature of the complained of ailments). See also *Keener v. Trippe*, 222 So.2d 685, 687 (Miss. 1969) (finding that a defendant raising a loss of consciousness defense who did not summon a doctor or present

4

any evidence pertaining to the defendant's medicine and effects is required to present "all of the evidence known to him or of which he has information" because such is "essential to a defense of this nature"). See also *Webb v. Imperial Palace of Mississippi, LLC*, 76 So.3d 759, 761 (Miss. App. 2011) (affirming the trial court's grant of summary judgment in favor of defendant because the defendant's lack of history of fainting and inability to foresee the possibility of fainting were corroborated by his physician's testimony). Because a defendant's medical history prior to the accident at issue is key in forming his loss of consciousness defense, his medical history is both relevant to the defense and made an issue upon raising the defense.

However, Defendant Morgan asserts he has only raised the "Act of God" defense and not otherwise placed his medical history or a medical condition at issue. Doc. [72] at 7. An "Act of God" has been defined as a "loss happening in spite of all human effort and sagacity." *McFarland v. Entergy Mississippi, Inc.*, 919 So.2d 894, 902 (Miss. 2005) (citing *The Majestic*, 166 U.S. 375, 386 (1897). It has also been described as "any accident, due directly and exclusively to natural causes without human intervention, which by no amount of foresight, pains, or care, reasonably to have been expected could have been prevented." *Id.* (citing *Skandia Ins. Co. v. Star Shipping*, 173 F.Supp.2d 1228, 1239 (S.D. Ala. 2001)). The "Act of God" defense does not apply "if there is an intervening circumstance attributed to the defendants." *Id.* (citing *Pub. Serv. Co. v. Sonagerra*, 253 P.2d 169, 171 (Okla. Sup. Ct. 1953)). Moreover, this defense is typically raised where the intervening cause of the alleged damage is a natural disaster. *See McFarland v. Entergy Miss., Inc.*, 919 So.2d 894 (Miss. 2005) (raising "Act of God" defense when an ice storm contributed to the damage). See also *Nasif v. Booth*, 221 Miss. 126 (Miss. 1954) (raising "Act of God" defense when a rainstorm contributed to the damage); *Neal v. Saunderson*, 10 Miss. 572 (Miss. 1844) (raising "Act of God" defense when a boat sinking contributed to the damage); *Bunting v.*

*Orendorf*, 152 Miss. 327 (Miss. 1929) (raising "Act of God" defense when a flood contributed to the damage). Therefore, by raising the "Act of God" affirmative defense, Defendants have not placed Defendant Morgan's medical history at issue because the "Act of God" defense does not encompass the issue of losing consciousness and does not otherwise involve a defendant's medical condition.

Moreover, Defendant Morgan correctly asserts that his medical privilege cannot be waived by answering questions during deposition or denying questions related to medical history. *Riley v. Woerner Agribusiness, LLC*, No. 1:21-cv-185-HSO-RPM, 2023 WL 2656756, at *2 (S.D. Miss. Mar. 27, 2023) (finding that the defendant did not waive the physician-patient privilege by merely answering questions at a deposition regarding his medical history). *See also Muller v. Rogers*, 534 N.W.2d 724, 726 (Minn. Ct. App. 1995) (finding that the defendant's testimony at his deposition that he had no medical conditions which would affect his ability to drive did not constitute a waiver of medical privilege). Therefore, Defendant Morgan's response to Plaintiff's Request for Admission No. 19, in which he stated he did not suffer from any known medical condition that may have contributed to the accident, cannot constitute a waiver of his medical privilege. Doc. [70] at 6. Likewise, Defendant Arrow Disposal Services, Inc.'s response to Request for Admission No. 19, in which it denied the request to admit that Defendant Morgan suffered from a medical condition that may have contributed to the accident, cannot constitute a waiver of his medical privilege. Doc. [70] at 6.

Furthermore, Defendant Morgan correctly asserts that his medical privilege cannot be waived by another party's testimony. To reiterate, Rule 503 of the Mississippi Rules of Evidence provides that "a party's medical privilege is waived to the extent *he* puts *his* medical condition at issue." *Powell*, 105 So.3d at 315 (emphasis added). Thus, the testimony from the deposition of

Joshua King[1] stating that Defendant Morgan lost consciousness cannot constitute a waiver of Defendant Morgan's medical privilege. Doc. [69-1] at 3.

Based on the current record, neither Defendant Morgan nor Defendant Arrow Disposal Services, Inc. has raised loss of consciousness as an affirmative defense, used Joshua King's testimony regarding Defendant Morgan's unconsciousness as a defense, or otherwise raised any aspect of Defendant Morgan's medical history as an issue or in support of a claim or defense. Therefore, the mere assertion by Plaintiff that Defendants have raised loss of consciousness as an affirmative defense is insufficient to support the contention that Defendant Morgan has waived his medical privilege, such that Plaintiff is entitled to the documentation sought.

The Court has considered the briefings and arguments in full. Arguments not addressed would not change the result.

IT IS THEREFORE ordered that Plaintiff's Motion to Compel [69] is hereby DENIED.

**SO ORDERED**, this the 1st day of April, 2025.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE

---

[1] King was a passenger in the garbage truck at the time of the accident. *See* Doc. [70] at 2, n. 1.